IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NELSON WITT and BRENDA WITT,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CIT GROUP/CONSUMER FINANCE INC., AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OF DISMISSAL WITH PREJUDICE<br><br><br><br>Case No. 2:10-CV-440 TS |

This matter is before the Court on Defendants Aurora Loan Services LLC, ("Aurora") and Mortgage Electronic Registrations Systems, Inc.'s ("MERS") Motion to Dismiss Pursuant to Fed.R.Civ.P. 8, 9, and 12(b)(6)[1] and Defendant CIT Group/Consumer Finance, Inc. ("CIT")'s Motion to Dismiss.[2] For the reasons set forth below, the Court will grant the Motions and dismiss the Complaint with prejudice.

---

[1]Docket No. 15.

[2]Docket No. 19.

1

I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[4] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[5] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[8]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give

---

[3] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Twombly*, 550 U.S. at 547.

the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[9]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[10] In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[12] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

---

[9] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[10] 129 S.Ct. 1937 (2009).

[11] *Id*. at 1949.

[12] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[13] *Id*. (quoting *Twombly*, 550 U.S. at 557).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[14]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[16]

## II. FACTUAL BACKGROUND

Plaintiffs' Complaint alleges that, on or about March 28, 2008, Plaintiffs Nelson and Brenda Witt borrowed $173,250.22 from CIT secured by property located in Salt Lake City, Utah ("Property").[17] In conjunction with this transaction, Plaintiffs executed a promissory note ("Note") and deed of trust ("Deed of Trust") on September 30, 2002, which was later recorded on

---

[14]*Id.* at 1949-50 (internal quotation marks and citations omitted).

[15]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[16]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[17]Docket No. 2, at ¶ 12.

4

October 4, 2002.[18] Also on October 4, 2002, an Assignment of Mortgage or Deed of Trust was recorded on the Property, which assigned all of CIT's beneficial rights, title, and interest under the Note and Deed of Trust to MERS.[19] On October 16, 2007, CIT entered into a Mortgage Loan Sale Agreement with Lehman Capital, a division of Lehman Brothers Holdings, Inc.[20] Plaintiffs' Note and Deed of Trust were among the mortgage loans included in the Mortgage Loan Sale Agreement. The closing date for the sale of the mortgage loans (including the Witts' Note and Deed of Trust) to Lehman Capital was October 30, 2007.

Plaintiffs later defaulted under the terms of the Note and Deed of Trust.[21] On April 7, 2008, a Substitution of Trustee executed by MERS on April 4, 2008, was recorded against the property appointing James H. Woodall as successor trustee of the Trust Deed.[22] Thereafter, the trustee initiated foreclosure proceedings on the property.[23] Plaintiffs filed this Complaint against Defendants on May 11, 2010, seeking relief under a variety of federal and state laws. Defendants moved to dismiss this Complaint in June of 2010.

---

[18]*Id.* at ¶ 13 and Ex. A.

[19]*Id.* at ¶ 17 and Ex. C.

[20]Docket No. 20, at ¶ 5.

[21]*Id.* at ¶¶18-21.

[22]Docket No. 2, at ¶ 18.

[23]*Id.*

III. DISCUSSION

A. ASSIGNMENT OF NOTE AND SPLITTING THE NOTE

Plaintiffs' First, Second, and Fifth Cause of Action all turn on Plaintiffs' allegation that the Trust Deed on the Property is no longer valid because (1) the assignment of the Note from CIT to MERS was invalid because Plaintiffs did not consent to the assignment, and (2) Defendants have split the Trust Deed from the Note. Defendants move to dismiss these claims because (1) the CIT was not required to obtain consent from Plaintiffs before assigning the Note to MERSs and (2) the Defendants did not split the Trust Deed from the Note. The Court will address each of these grounds in turn.

*1. Assignment of the Note & Deed of Trust*

Plaintiffs allege that the assignment from CIT to MERS was invalid because Plaintiffs never consented to the assignment. As Defendants demonstrate, however, consent from Plaintiffs was not required. As a matter of general contract law, beneficial rights under a contract are freely assignable unless precluded by contract, forbidden by statute, or where the assignment would materially alter the duties and rights of the obligor.[24] Thus, under general contract law, the assignability of a contract is assumed unless the parties express a contrary intent by contract. Here, Plaintiffs have not pled nor brought forth any evidence to suggest that Plaintiffs contracted for a prohibition on the assignment of the Note and Deed of Trust. In fact, the Deed of Trust attached to Plaintiffs' Complaint expressly provides for assignment of the duties contemplated

---

[24] *See* RESTATEMENT OF CONTRACTS (SECOND) § 317; *see also Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991) ("Generally, all beneficial rights under an executory contract are assignable.").

therein.²⁵ Thus, Plaintiffs' claim that the assignment was invalid because Plaintiffs never consented to the assignment is contradicted by the express terms of the parties' Deed of Trust.

In opposing dismissal of these causes of action, Plaintiffs cite to the Restatement (Third) of Property to argue that their consent was necessary for a valid assignment because no "transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise."²⁶ Plaintiffs appear to argue that this Restatement means that they, the mortgagors, must agree to any transfer of the Note and/or Deed of Trust.²⁷ However, as the illustrative comments to this section make clear, the "parties to the transfer" who must agree to the transaction refers to the one assigning the duty (i.e., the mortgagee/assignor) and the one accepting the duty (i.e., assignor).²⁸ Thus, Plaintiffs' participation in the assignment is not required. Therefore, Plaintiffs' claim fails as a matter of law and the Court will dismiss the causes of action associated with these arguments.

*2. The Split Note*

Plaintiffs argue that the Deed of Trust and Note are no longer valid because Defendants split the note in the process of securitization. In support of this argument, Plaintiffs cite to a "recent California decision *In re Walker* (10-21656 Rickie Walker, Bankr. E.D. Cal. 2010,

---

²⁵Docket No. 2, at Ex. 1 ¶ 6.

²⁶RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4(a).

²⁷Docket No. 26, at 6-7 ("The Plaintiffs did not agree to the assignment of the Deed of Trust to MERS.").

²⁸*See* RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4, comment (b).

7

Docket Entry #66)" which appears to adopt Plaintiffs' position. Through the federal CM/ECF system, the Court has located this docket entry. At the outset, the Court notes that this docket entry is actually not even an unpublished decision, but rather a preliminary minute entry from a hearing held on May 5, 2010. The hearing concerned an objection by Petitioner Rickie Walker to certain claims asserted against him by Citibank, N.A. The minute entry makes clear that Citibank failed to respond to the objection and, under the bankruptcy court's local rules, such failure "is considered as consent to the granting of the motion."[29] Pursuant to this local rule, the bankruptcy court sustained Walker's objection and accepted his arguments in full.

Because the bankruptcy court did not consider the merits of Walker's objections, this Court seriously doubts the precedential value of this minute entry. Moreover, the bankruptcy court noted at the outset of its findings that this was only a "tentative ruling."[30] Indeed, in the bankruptcy court's final civil minute order, the court sustained the objection without reference to its prior tentative ruling and "further ordered that the disallowance of this claim . . . does not alter, amend, modify, or effect any trust deed reference in the proof of claim or the rights of the actual owner of the note . . . ."[31]

Defendants call the Court's attention to well-settled precedent in both the United States Supreme Court and Utah Supreme Court which clearly establish that "[t]he transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the

---

[29]*In re Walker*, Pet. No. 10-21656-E-11, Docket No. 66 (E.D. Cal. Bankr. May 5, 2010).

[30]*Id.*

[31]*In re Walker*, Pet. No. 10-21656-E-11, Docket No. 67 (E.D. Cal. Bankr. May 5, 2010).

8

latter."[32] Thus, Defendants' notion that the note has been "split" is squarely at odds with the firmly established presumption that a transfer of the note carries with it the deed of trust, without any formal assignment. Consequently, Plaintiffs' claims fail as a matter of law and the Court will dismiss Plaintiffs' causes of action based upon these arguments.[33]

Therefore, based on the foregoing, Defendants First, Second, and Fifth Causes of Action are dismissed with prejudice.

B.  TILA

Defendants ask the Court to dismiss Plaintiffs' Third Cause of Action because the alleged violations of the Truth in Lending Act ("TILA")[34] are time barred. Under TILA, an action must be brought "within one year from the date of the occurrence of the violation."[35] A TILA violation occurs when the credit transaction is consummated and completed.[36] The credit transaction at issue between the parties was consummated on September 30, 2002. Thus, Plaintiffs' opportunity to bring these claims expired on October 1, 2003, nearly seven years prior to the filing of this Complaint.

---

[32] *Carpenter v. Longan*, 83 U.S. 271, 275 (1872).

[33] In light of the foregoing discussion, the Court reminds Plaintiffs' counsel of his duties under Fed.R.Civ.P. 11 and the Utah Rules of Professional Conduct. Without formally ruling on the issue, the Court notes that counsel's representation of this "tentative" civil minute entry as a final "decision" of another court may not be in keeping with those duties.

[34] 15 U.S.C. § 1601 *et seq.*

[35] *Id.* at § 1640(e).

[36] *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp.2d. 1253, 1258 (D. Colo. 2004); *see also Heil v. Welss Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. 2008) (citing *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir. 1974)).

Plaintiffs' admit that the credit transaction occurred in September 2002, but argue that the statute of limitations has not run because equitable tolling is appropriate in this case to give effect to the purpose of TILA.[37] As the Tenth Circuit has made clear, however, equitable tolling is available only when a plaintiff can demonstrate that defendant's conduct somehow prevented plaintiff from discovering and timely asserting the alleged TILA violations.[38] The Court finds that Plaintiffs have failed to meet this burden. In fact, Plaintiffs' Complaint alleges that "the disclosures were 'apparent on the face of the loan documents.'"[39] Such alleged facial inadequacy cuts against Plaintiffs' assertion that Defendants somehow concealed the TILA violations. Therefore, the Court finds equitable tolling inappropriate for this action and will dismiss with prejudice Plaintiffs' Third Cause of Action.

C.  FRAUD IN THE INDUCEMENT

Defendants move the Court to dismiss Plaintiffs' Fourth Cause of Action because Plaintiffs' claims lack substantive merit and are time barred by Utah's three-year statute of limitations.

Utah law requires a plaintiff to bring all fraud-based claims within three years of the "discovery by the aggrieved party of the facts constituting the fraud."[40] "Discovery by the aggrieved party of the facts constituting an alleged fraud is measured 'from the time the fraud

---

[37] Docket No. 2, at ¶ 118 (citing *King v. California*, 784 F.2d 910 (9th Cir. 1986)).

[38] *See Heil*, 298 Fed.Appx. at 706-07.

[39] Docket No. 2, at ¶ 91.

[40] Utah Code Ann. § 78B-2-305.

was actually known or could have been discovered through the exercise of reasonable diligence.'"[41] Thus, the statute of limitations begins to run "from the time the person entitled to the property knows, or by reasonable diligence and inquiry should know, the relevant facts of the fraud perpetrated against him."[42] In other words, "this means that if a party has the opportunity to know the facts constituting an alleged fraud, that party cannot remain inactive and then later allege a want of knowledge as a result of his own negligence."[43]

According to Defendants, the loan closed on September 30, 2002, making the three-year statute of limitations set to expire on October 1, 2005. Plaintiffs argue that, because of their inexperience in the mortgage industry, they did not discover the fraud until recently. The Court finds this argument unpersuasive. The representations of Defendants that Plaintiffs allege to be fraudulent would have been discoverable at the closing of the loan. Although Plaintiffs may not have been experienced with mortgages, the statements alleged to be fraudulent were contained in the contracts executed by Plaintiffs. Thus, Plaintiffs had all the information necessary to discover the alleged fraud at the time of the closing of the loan. Therefore, the Court finds that the three-year statute of limitations has expired and dismisses with prejudice Plaintiffs' Fourth Cause of Action.

---

[41] *Booth v. Attorneys' Title Guar. Fund, Inc.*, 20 P.3d 319, 327 (Utah 2001) (quoting *Baldwin v. Burton*, 850 P.2d 1188, 1196 (Utah 1993)).

[42] *Id.* (internal quotation marks and citation omitted).

[43] *Id.* (citation omitted).

D. DISMISSAL WITH PREJUDICE

Because the Court finds that Plaintiffs' claims fail as a matter of law, the Court further finds that amendment of these claims would be futile.[44] Therefore, Plaintiffs' claims will be dismissed with prejudice.

IV. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Defendants Aurora Loan Services LLC, ("Aurora") and Mortgage Electronic Registrations Systems, Inc.'s ("MERS") Motion to Dismiss Pursuant to Fed.R.Civ.P. 8, 9, and 12(b)(6) (Docket No. 15) and Defendant CIT Group/Consumer Finance, Inc. ("CIT")'s Motion to Dismiss (Docket No. 19) are GRANTED and the Complaint is dismissed WITH PREJUDICE.

DATED   November 5, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[44] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).