IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NELSON WITT and BRENDA WITT,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CIT GROUP/CONSUMER FINANCE INC., AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEYS' FEES<br><br><br><br>Case No. 2:10-CV-440 TS |

This matter is before the Court on Defendants Aurora Loan Services LLC, ("Aurora") and Mortgage Electronic Registrations Systems, Inc.'s ("MERS") Motion for Attorneys' Fees Pursuant to DUCivR 54-2.[1] Defendants move this Court for an award of attorneys' fees incurred in defending this lawsuit because (1) such an award is permissible under the terms of the promissory note and deed of trust and (2) such an award is warranted under Utah Code Ann.

---

[1]Docket No. 33.

1

§ 78B-5-826. The Court finds that neither of these grounds support an award of attorneys' fees and will therefore deny the motion.

Defendants argue that the express terms of the promissory note and deed of trust require payment of Defendants' attorneys' fees. Under paragraph 4(D) of the promissory note, the borrower agrees that "If I default and you require me to pay in full as described above, I promise to pay all reasonable costs and expenses you actually incur in foreclosing on any Mortgage or collecting this loan, including your reasonable outside attorneys' fees."[2] Defendants argue that the attorneys' fees incurred in defending this lawsuit directly relate to Aurora's efforts to foreclose. The Court disagrees. The above quoted clause appears to anticipate expenses incurred in the actual foreclosure process, not defending collateral attacks to the validity of the mortgage, such as this case. Therefore, the Court finds this clause inapplicable to this dispute and denies this ground for relief.

Defendants further argue that they are entitled to reasonable attorneys' fees under Utah Code Ann. § 78B-5-825. Defendants argue that this Court has recognized the application of this Utah statute to actions in this District in *Nikols v. Chesnoff*.[3] *Nikols*, however, is inapplicable to this case. In *Nicols* this Court noted that "[i]n a case brought to this Court on diversity, the matter of attorneys fees is a substantive legal issue and is therefore controlled by state law."[4] Since this Court in *Nicols* was sitting in diversity and applying Utah law, this Court found that

---

[2] Docket No. 33, Ex. 1.

[3] 2010 WL 2639968 (D. Utah Jun. 28, 2010).

[4] *Id.* at *6.

the issue of attorneys' fees should be governed by Utah Code Ann. § 78B-5-825. The present dispute, by contrast, comes before the Court on federal question jurisdiction, not diversity.[5] Therefore, Utah Code Ann. § 78B-5-825 has no relevance to this dispute and the Court will deny this ground for relief.

Based on the foregoing, it is therefore

ORDERED that Defendants' Motion for Attorneys' Fees Pursuant to DUCivR 54-2 (Docket No. 33) is DENIED.

DATED January 4, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] Docket No. 2, ¶ 6.